■ SARABETH LEIBLER, as Executrix of BURTON H. LEIBLER, Deceased, Appellant, v UNIONMUTUAL STOCK LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered January 8, 1976, granting summary declaratory judgment in favor of the defendant on the first cause of action, and dismissing the second and third causes of action, is unanimously modified, on the law, so as to deny defendants' motion for summary judgment on the first cause of action, and otherwise affirmed, without costs and without disbursements. The critical question in this action is whether a claimed disability income insurance policy ever became effective so as to bind defendant insurance company. The alleged insured, plaintiff's testator, paid the first quarterly premium on the policy and was issued a "Conditional Receipt" which provided that the

policy would not become effective "UNLESS EACH AND EVERY CONDITION AND REQUIREMENT OF THIS AND THE REVERSE SIDE OF THIS CONDITIONAL RECEIPT IS FULFILLED EXACTLY." It further provided that the insurance "shall become effective on the latest date (herein called 'Effective Date') of the following dates applicable with respect to such policy: (a) the date of said Part I application, (b) the date of the later of the initial Part II or Part III application, if such application(s) is/are required in conjunction with said Part I application, (c) the date of the later of the second Part II or Part III application, if such application(s) is/are required in accordance with the company's published rules because of the amount applied for, (d) any later date requested in said Part I application and approved by the Company; provided that on said Effective Date the Proposed Insured was, in the opinion of the Company's authorized officers, insurable and otherwise acceptable as a standard risk for such policy in the amount, on the plan, and in every respect exactly as applied for". This conditional "Effective Date" was apparently about February 12, 1972. On March 20, 1972 defendant insurance company wrote to the insured's doctor as part of its routine investigation. On May 9, 1972, the physician replied that he had seen the insured in 1970, at which time the insured's history was essentially normal except for some back pain which occurred in 1969 and was thought to be a back sprain or degenerated disc; that the patient was seen again on September 1, 1971 for probable gout, which cleared without incident; that on March 22, 1972 the patient was again seen complaining of some left flank pain; that on March 25, 1972 (after the date of the insurance company's request) tests were performed which diagnosed a malignant tumor, the prognosis being hopeless. The physician further stated that the patient could have had no knowledge of this diagnosis prior to March 26, 1972. Thereafter, on May 15, 1972 the company's physician stated intramurally that based on the information as to the 1970 and 1971 visits, a standard issue would not be made, and that "There would be a back exclusion and a rating for the probable gout." On or about June 23, 1972, defendant insurance company declined to issue the policy and repaid to the testator the premium received. The testator died of the cancer on October 16, 1972. It is the position of defendant insurance company that the policy did not become effective because of failure to comply with the condition "that on said Effective Date the Proposed Insured was, in the opinion of the company's authorized officers, insurable and otherwise acceptable as a standard risk for such policy in the amount, on the plan, and in every respect exactly as applied for". In our view, the company was under a duty to form and express that opinion and to disclaim liability within a reasonable time. (Speronza v Phoenix Mut. Life Ins. Co., 272 App Div 770.) Furthermore, the opinion must, at a minimum, be a good faith opinion; and any claims of misrepresentations must meet the statutory standard of materiality. (Insurance Law, § 149, subd 2.) All of these questions raise issues of fact which preclude summary judgment in favor of defendant on the first cause of action. We agree with the dismissal of the second and third causes of action based on negligence for the reasons stated by the Trial Term. Concur— Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.